RALPHAEL HERNANDEZ #F-77510
CALIPATRIA STATE PRISON
P.O. BOX 5002
CALIPATRIA, CA. 92233

Petitioner In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPHAEL HERNANDEZ, | NO. EDCV 10-01117 DOC (SS) |
| Petitioner, | RESPONDSE TO ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY |
| v. | |
| LELAND MCEWEN, | The Honorable Suzanne H. Segal United states Magsitrate Judge |
| Respondent. | |

I.

INTRODUCTION

Petitioner RALPHAEL HERNANDEZ, submits the following Response to Order to Show Cause Why This Action Should Not Be Dismissed As Untimely. As shown below, Petitioner will establish that he is entitled to 'statutory tolling' and Petitioner did not discover the factual proeciate of his claim until months after the conclusion of his direct appeal.

II

MEMORANDUM OF POINTS AND AUTHORITIES

A. Standard of Review

An untimely habeas petition may be dismissed sua sponte, however, the district court must give the petitioner adequate opportunity to respond before doing so. Day v. McDonough, 547 U.S.

RESPONSE TO ORDER TO SHOW CAUSE         -1-

198, 209-10, 126 S.Ct. 1675 (2006). "Further, the court must assure itself that the petitioner is not significantly prejudiced by the delay focus on the limitation issue, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." ( citations omitted).

B. Statutory Tolling

In Evans v. Chavez, 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006), the Supreme Court held that the unexplained filing delay of at least six months by a California inmate is not reasonable, but the Supreme Court did not establish a bright-line rule regarding delays of less than six months. Id., 126 S.Ct. at 854. Here, there was a one month delay or lesser or 30-day interval between the Superior Court's decision and petitioner filing his habeas corpus petition in the California Court of Appeal. And, similarly, a one month delay or lesser or 30-day interval between the California Court of Appeal's decision and Petitioner Hernandez filing his habeas petition in the California Supreme Court. These delays are not unreasonable. Especially that Petitioner had to do alot of substantial rewriting and preparation of his habeas corpus petition following the denial of that petition by the Los Angeles Superior Court. See Osumi v. Giurbino, 445 F.Supp.2d 1152, 1163 (C.D. Cal. 2006) (One-year limitations period for filng federal habeas petition was tolled during time period that state habeas petition was pending before the state courts, where the delays in filing appeals with the state supreme Court were only about three months, and such delays were justified given the lengthy appellate briefs filed by

RESP. TO ORDER TO SHOW CAUSE          -2-

1 petitioner)

2   This Court cited Chaffer v. Prosper, 592 F.3d 1046, 1048
3 (9th Cir. 2010), that the Ninth Circuit held that an unexplained
4 delay "substantially longer than...30 to 60 days" is not
5 reasonable under California Law. (Order to Show Cause at P. 4, ¶
6 1.) However, Chaffer v. Prosper is distinguished from the present
7 case. Unlike Chaffer's delays of 101 and 115 days intervals from
8 the denial of his first petition and filing another habeas petition
9 to the next appellate level, Petitioner Hernandez's delays were no
10 more than 30 days or lesser. Moreover, Petitioner's case is
11 unlike Williams v. Dexter, 649 F.Supp.2d 1055, 1061.(C.D. Cal.
12 2009), where the Petitioner's two habeas corpus petitions to the
13 state Supreme Court were filed after limitations period for filing
14 federal habeas petition expired, they did not serve to toll or
15 revive limitations period. Here, Petitioner's first habeas
16 filed in the San Bernardino Superior Court was submitted to that
17 court months prior to the expiration date of the AEDPA statute of
18 limitations.

19   In conclusion, Petitioner is entitled to statutory tolling
20 of the limitations period.

21         C.  **Discovery Of Factual Predicate Of Petitioner's**
              **Ineffective Assistance Of Counsel Claim**
22

23   When Petitioner filed his state habeas petitions, he informed
24 the Courts that he couldn't establish the factual predicate of his
25 claims, unitl his trial attorney turned over to him all police
26 reports and documentation in support of his ineffective assistance
27 of trial counsel claims. (See Appendix "1" attached hereto.)
28 Petitioner asserts that the reprots and Declaration of Robert

RESP. TO ORDER TO SHOW CAUSE     -3-

Rubalcava were not available to Petitioner Hernandez at the time of his trial, which clearly supports his ineffective assistance of claims and other arguments Petitioner raised in his state habeas petitions.

In Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001), the Ninth Circuit held that the date of which the petitioner discovered the factual predicate of a claim of ineffective assistance of counsel was not the date on which he became aware of facts that suggested that his trial attorney's performance might have been some what deficient, but the date on which he became aware of facts that allowed him to assert in objective good faith that he was prejudiced by counsel's deficient performance. The Court therefore remanded the case to the district court to determine when the petitioner, exercising due diligence, could have discovered the facts that allowed him to claim prejudice.

In conclusion, Petitioner is entitled to relief pursuant to 28 U.S.C. § 2244(d)(1)(D).

## CONCLUSION

WHEREFORE, Petitioner respectfully requests that this Honorable Court vacate the Order to show Cause why this action should not be dismissed pursuant to the AEDPA one-year period of limitations, and Order Respondent to file an Answer addressing the merits of the instant federal petition.

August 12, 2010

Respectfully submitted,

RALPHAEL HERNANDEZ
Petitioner In Pro Per

RESP. TO ORDER TO SHOW CAUSE -4-

APPENDIX

**APPENDIX**
# EXHIBIT COVER PAGE



EXHIBIT
**APPENDIX**

Description of this exhibit:

SUPPLEMENTAL BRIEFING FOLLOWING ORDERS OF THE SUPERIOR COURT AND COURT OF APPEAL SUBMITTED IN THE CALIFORNIA SUPREME COURT

Number of pages to this Exhibit: __1__ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☒ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

RALPHAEL HERNANDEZ #P-77510
CALIPATRIA STATE PRISON
P.O. BOX 5002
CALIPATRIA, CA. 92233

September 4, 2009

To The Honorable Ronald M. George,
The Chief Justice, And To The Honorable
Associate Justices Of The California
supreme Court
350 McAllister Street
San Francisco, CA. 94102

Re:   In re Hernandez
      Case No. S_____
      SUPPLEMENTAL BRIEFING FOLLOWING ORDERS
      OF THE SUPERIOR COURT AND COURT OF APPEAL

Dear Justices:

On July 6, 2009, the Honorable Brian S. McCarville, denied Petitioner's Petition for Writ of Habeas Corpus. A true and correct copy of that Order is attached hereto as Exhibit "A".

The Superior Court Judge in habeas, failed to conduct its own review of Ms. Powell's testimony along with the newly presented police reports and Declaration of Robert Rubalvava, which is attached as Exhibit "O" to his habeas petition that is currently pending before this Honorable Court.. The Superior Court Judge said tersely, "Petitioner merely rehashes the evidence presented at trial and provides the court with portions of the underlying investigation."

However, the reports and Declaration of Robert Rubalcava were not available to Petitioner at the time of his trial, which clearly supports his ineffective assistance of counsel claim and other issues raised in the habeas petition that is currently pending before this Court. Thus, the Superior Court Judge's decision in denying his petition is completely flawed.

Petitioner submitted another petition, and the Court of Appeal denied his petition on August 10, 2009. A true and correct copy of that Order is attached hereto as Exhibit "B".

The present case is similar to that of Hasan v. Galaza, 254 f.3d 1150, 1154 (9th Cir. 2001). In Hasan v. Galaza, the Ninth Circuit held that, although petitioner was aware at trial of some facts that indicated that his attorney's performance may have been deficient to some extent, he did not discover the factual predicate of a claim of ineffective assistance of counsel until he became aware of facts that allowed him to assert in objective good faith that he was prejudiced by counsel's deficient performance.

-1-

These facts that Petitioner recently became aware of are police reports and declaration of Robert Rubalcava which are attached to the Petition for Writ of Habeas corpus. These facts, if proven, would entitle Petitioner to relief.

The only evidence against Petitioner is the testimony of POWELL. She was the key government witness and had changed the most critical facet of her testimony after discussions with police, and changed her testimony, the final shot by Petitioner into victim SVEC, is demonstrably FALSE. This is because at trial, Powell testified that JERRY SVEC was shot in the face. (RT at 275-76.) However, SVEC suffered two gunshot wounds to his chest and another to his arm. ( 2 RT at 325-333.)

For the reasons set forth above and in the Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities, Petitioner respectfully request that this Court grant him habeas relief.

Respectfully submitted,

*Ralphael Hernandez*

RALPHAEL HERNANDEZ

Petitioner In Pro Per

-2-

# EXHIBIT COVER PAGE



EXHIBIT

Description of this exhibit:   ORDER OF THE SUPERIOR COURT DENYING PETITION ON JULY 6, 2009

Number of pages to this Exhibit: __2__ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☒ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
Department No. S-12
351 North Arrowhead Avenue
San Bernardino, California 92415-0240



JUL - 6 2009

By 
　　　　　Deputy

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO
## SAN BERNARDINO DISTRICT

In re the Petition of

RALPHAEL HERNANDEZ,

For Writ of Habeas Corpus.

Case No. WHCSS0900234

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

    The Petition of RALPHAEL HERNANDEZ for Writ of Habeas Corpus was filed in this Court on June 11, 2009. Therein, Petitioner makes a myriad of claims including, but not limited to, ineffective assistance of trial counsel, due process violations and an allegation that the court improperly rejected accomplice instructions.

    Petitioner finds himself in State Prison after a trial by jury which resulted in a 1st Degree Murder conviction as well as various other homicide convictions resulting in a sentence of 67 years plus 4 months to life in prison. Thereafter, the matter was appealed to the 4th District Division II Court of Appeal. By way of written opinion, Petitioner's conviction was affirmed on July 22, 2008 and the matter remitted back to this Court on October 6, 2008.

    Petitioner provides no factual support that counsel at trial was ineffective in failing to call witnesses. Petitioner merely rehashes the evidence presented at trial and provides the court with portions of the underlying investigation. The Trial Court and the Court of Appeal rejected Petitioner's contention that the accomplice instruction was required.

Petitioner's application is nothing more than a rehash of what occurred at the trial level as well as at the Court of Appeal. Petitioner has provided no factual support for his contentions with respect to ineffective assistance of counsel and his arguments with respect to accomplice testimony have been rejected at the appellate level. The petition for Writ of Habeas Corpus is denied.

Dated this __12__ day of July 2009

BRIAN S. McCARVILLE
Judge of the Superior Court

-2-

# EXHIBIT COVER PAGE



EXHIBIT

Description of this exhibit: **ORDER OF THE COURT OF APPEAL DENYING PETITIONER'S HABEAS PETITIION ON AUGUST 10, 2009**

Number of pages to this Exhibit: __1__ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☒ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

ORDER



FILED
AUG 10 2009
COURT OF APPEAL FOURTH DISTRICT

In re RALPHAEL HERNANDEZ

on Habeas Corpus.

E048940

(Super.Ct.Nos. WHCSS0900234 & FVI019418)

The County of San Bernardino

THE COURT

The petition for writ of habeas corpus is DENIED.

**RICHLI**
Acting P. J.

cc:    See attached list



COPY

## VERIFICATION

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

I, **RALPHAEL HERNANDEZ** (C.C.P. SEC. 446 & 2015.5; 28 U.S.C. 1746) DECLARE UNDER PENALY OF PERJURY THAT: I AM THE **PETITIONER** IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS **4TH** DAY OF **SEPTEMBER** 2009 AT CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002

(SIGNATURE) *Ralphael Hernandez*
DECLARANT/PRISONER

## PROOF OF SERVICE BY MAIL

I, **RALPHAEL HERNANDEZ** (C.C.P. SEC. 1013 (a) & 2015.5 28 U.S.C. 1746) AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON **SEPTEMBER** **,** 2009 IS SERVED THE FOREGOING:

**SUPPLEMENTAL BRIEFING FOLLOWING ORDERS OF THE SUPERIOR COURT AND COURT OF APPEAL**

SET FORTH EXACT TITLE OF DOCUMENTS SERVED

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

**CALIFORNIA SUPREME COURT
350 MCALLISTER STREET
SAN FRANCISCO, CA.
904102**

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE **SEPTEMBER 4TH**, 2009   *Ralphael Hernandez*
(DECLARANT / PRISONER)

## VERIFICATION
(C.C.P. § 446 & 2015.5: 28 U.S.C. § 1746)

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

I, **RALPHAEL HERNANDEZ** DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE **PETITIONER** IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION AND BELIEF AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS **12TH** DAY OF **AUGUST** 2010 AT CALIPATRIA STATE PRISON CALIPATRIA, CALIFORNIA 92233-5002.

_____ (DECLARANT/PRISONER)
SIGNATURE

## PROOF OF SERVICE BY MAIL
(C.C.P. §1013(a) & 2015.5: U.S.C. § 1746)

I, **RALPHAEL HERNANDEZ** AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER EIGHTEEN (18) YEARS OF AGE AND AM / AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON **AUGUST 12,** 2010 IS SERVED THE FOREGOING:
**RESPONSE TO ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**
(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN ATHE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

**OFFICE OF THE CLERK**
**U.S. COURTHOUSE, ROOM G8**
**312 NORTH SPRING STREET**
**LOS ANGELES, CA. 90012**

THERE IS DELIVERY SERVICE BY UNITED STATE MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THE FORGOING IS TRUE AND CORRECT.

DATE **AUGUST 12, 2010** 2010 _____
DECLARANT / PRISONER