**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RALPHAEL HERNANDEZ, | ) | NO. EDCV 10-01117 DOC (SS) |
| Petitioner, | ) | |
| v. | ) | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| LELAND McEWEN, Warden, | ) | |
| Respondent. | ) | |

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Under 28 U.S.C. § 2253(c)(1)(A), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking a writ of habeas corpus does not have an absolute right to appeal a district court's denial of his petition. Before an appeal may be entertained, a prisoner who was denied habeas relief must first obtain a Certificate of Appealability ("COA"). Section 2253(c)(2), as amended by the AEDPA, provides that "[a] certificate of appealability may issue . . . only if

the applicant has made a substantial showing of the denial of a constitutional right."

The Supreme Court has made clear that Section 2253(c)(2) does not bar appellate review when a district court's rejection of a state prisoner's habeas petition rests on procedural grounds. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). The Supreme Court also clarified the showing required to satisfy Section 2253(c)(2) and to warrant issuance of a COA when a petition has been denied on procedural grounds, as in this case:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Id.</u> at 484.

Both showings must be made before the Court of Appeals "may entertain the appeal." <u>Slack</u>, 529 U.S. at 485. In resolving the COA issue, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." <u>Id.</u> To that

1  end, the law "allows and encourages the court to first resolve
2  procedural issues" rather than constitutional questions.  Id.

4     In Slack, the Supreme Court remarked:

6     Where a plain procedural bar is present and the district court
7     is correct to invoke it to dispose of the case, a reasonable
8     jurist could not conclude either that the district court erred
9     in dismissing the petition or that the petitioner should be
10    allowed to proceed further.  In such a circumstance, no appeal
11    would be warranted.

13 529 U.S. at 484.

15 \\
16 \\
17 \\
18 \\
19 \\
20 \\
21 \\
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

Here, the Petition was denied because of a clear procedural bar, i.e., the Petition was untimely. Petitioner has not filed an application for certificate of appealability. The Court has independently reviewed its decision and finds that reasonable jurists would not find debatable the propriety of the Petition's dismissal. Accordingly, the Court declines to issue a COA.

IT IS SO ORDERED.

DATED: September 29, 2010

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

4