RALPHAEL HERNANDEZ   #F-77510
CALIPATRIA STATE PRISON
P.O. BOX 5002
CALIPATRIA, CA. 92233

Petitioner In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
OCT - 1 2010
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPHAEL HERNANDEZ, | No. EDCV 10-01117 DOC (SS) |
| Petitioner, | OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION |
| v. | |
| LELAND McEWEN, | |
| Respondent. | Judge: The Honorable Suzanne H. Segal |

# TABLE OF CONTENTS

INTRODOCUTION ............................................................. 1

OBJECTIONS ................................................................. 2

    I. STATUTORY TOLLING ................................................ 2

        1. The Magistrate Incorrectly Concludes That Petitioner Is Not Entitled To Statutory Tolling

        2. The Magistrate Misconstrues Petitioner's Claim That He Could Not Discover The Factual Predicate Of His Ineffective Assistance Of Counsel Claim

CONCLUSION ................................................................ 11

TABLE OF AUTHORITIES

| CASES | PAGES |
|---|---|
| Alcala v. Woodford, 334 F.3d 862, 871 (9th Cir.2003) | 7 |
| Artuz v. Bennett, 531 U.S. 4 (2000) | 2 |
| Bonner v. Carey, 425 F.3d 145, amended at 439 F.3d 993 (9th Cir. 2006) | 5 |
| Carey v. Saffold, 536 U.S. 214 (2002) | 2 |
| Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir.2002) | 4 |
| Hasan v. Galaza, 254 F.3d 1150, 1155 (9th Cir. 2001) | 6 |
| Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992) | 2 |
| In re Clark, 5 Cal.4th 750 (1993) | 8 |
| In re Gallegos, 18 Cal.4th 825, 830-853 (1998) | 8 |
| In re Robbins, 18 Cal.4th 770 (1998) | 8 |
| Lambrix v. Singletary, 520 U.S. 518, 528 (1997) | 4 |
| Lawrence v. Florida, 127 S.Ct. 1079 (2007) | 3,4 |
| Moody v. Dexter, 2009 WL 3633906, *3 (C.D. Cal. 2009) | 5 |
| Pace v. DiGuglielmo, 544 U.S. 408 (2005) | 5 |
| Saffold v. Newland, 250 F.3d 1262, 1269 n.1 (9th Cir.2001) | 2 |
| Smith v. Duncan, 297 F.3d 809, 812 (9th Cir. 2002) | 2 |
| Williams v. Dexter, 649 F.Supp.2d 1055, 1061 (C.D. Cal. 2009) | 4 |

PET.'S OBJECTIONS TO R & R          -ii-

RALPHAEL HERNANDEZ  #F-77510
CALIPATRIA STATE PRISON
P.O. BOX 5002
CALIPATRIA, CA. 92233

Petitioner In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPHAEL HERNANDEZ, | ) NO. EDCV 10-1117-DOC (SS) |
| Petitioner, | ) OBJECTIONS TO MAGISTRATE'S |
| v. | ) REPORT AND RECOMMENDATION |
| LELAND McEWEN, | ) |
| Respondent. | ) Judge: Suzanne H. Segal |

**INTRODUCTION**

On September 8, 2010, the Magistrate in this matter filed a "Report and Recommendation" which recommended that Petitioner's application for writ of habeas corpus be denied on the sole basis that all claims raised are barred by the statute of limitations. (R&R at 6-11.)

Also, notice at the concusion of Report and Recommendation provided that within 14 days after the date service, any party could file written Objections with the court. And a party may respond to another party's objections within 14 days after being served with a copy.

Pursuant to said notice, Petitioner timely files and serves these Objections to the Magistrate's Reprot and Recommendation.

///

# OBJECTIONS

## I.

## STATUTORY TOLLING

### 1. The Magistrate Incorrectly Concluded That Petitioner Is Not Entitled To Statutory Tolling

The California Court of appeal and California Supreme Court denied Petitioner's habeas corpus petitons without comment or citation to authority. (See Lodgment Nos. 21 and 22.) The California Supreme Court's denial of these claims that were presented in those petitions is considered a denial on the merits. See Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992), cert. denied, 510 U.S. 887, 114 S.Ct. 240 (1993).

Here, Petitioner filed his first state habeas petition in the Superior Court on June 11, 2008, months prior to the one-year expiration of the statute of limitations. And even if the state court had cited a case due to untimeliness (in which the state courts did not), this case would still be timely filed since such procedural bars (in which none are present here) to the obtaining of relief do not prevent a petition from being "properly filed," and review from therefore being "available" even if unsuccessful. See Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 365, 148 L.Ed.2d 213 (2000).

The United states Supreme Court has **held** that AEDPA's limitations period for federal habeas review is tolled for the entire time that a habeas petition is "pending" in state court. Carey v. Saffold, 536 U.S. 214, 153 L.Ed.2d 260, 122 S.Ct. 2134, 2136 (2002). And even if Petitoner's delay of 163 days in filing his first state habeas petition (June 11, 2009) after his conviction

PET.'S OBJECTIONS TO R&R   -2-

became final on December 30, 2008 was unreasonable, that delay is irrelevant to the analysis of whether Hernandez's application was pending for the purposes of tolling under AEDPA because California's timeliness rule is not a "condition to filing." See Artuz v. Bennett, 531 U.S. at 11 (holding that state procedural bars are not "conditions to filing" but rather "conditions to obtaining relief" and therefore do not render an application improperly filed); see also Smith v. duncan, 297 F.3d 809, 812 (9th Cir. 2002) (holding that California's untimeliness bar is not a condition to filing where a petition was accepted for filing); and Saffold v. Newland, 250 F.3d 1262, 1269 **n. 1 (9th Cir. 2001)** (O'Scannlain, J. dissenting)("The fact that the procedural bar was not with regard to a <u>condition to filing</u> simply means that Saffold's petition was 'properly filed' under under AEDPA").

Here, the California Supreme Court's order denying the petition without opinion or citation was denied on the merits, thus, Petitioner's petition was not denied as **untimely** by the California Supreme Court, and is entitled to statutory tolling for the 163 days delay alleged by the Magistrate, until the California Supreme Court denied HERNANDEZ'S habeas corpus petition on June 9, 2010. In any event, Petiitoner's delay was not unreasonable because he filed his first habeas corpus petition in the Superior Court months prior to the one-year statute of limitations had expired.

Moreover, in **Lawrence v. Florida, 127 S.Ct. 1079 (2007)**, the Supreme Court resolved a conflict in the Circuit Courts. **Lawrence** squarely holds that a prisoner is not entitled to statutory tolling under AEDPA between the time that a state's highest court denies a state habeas corpus petition and the time that decision becomes

PETITIONER'S OBJECTIONS TO R&R -3-

1 final by expiration of the period to file for certiorari (90 days),
2 or for the time that a petition for Certiorari is pending in the
3 United states Supreme Court after a denial on a state habeas. In
4 other words, although the AEDPA statute of limitations does not
5 begin to run until after a conviction becomes final on direct
6 appeal [in California, 90 days after the California Supreme Court
7 denies the petition for review], it is now clear that, in all
8 jurisdicitons, statutory tolling is only allowed between the date
9 that a first state habeas corpus petition is filed and the date
10 that the state's highest court denies relief on state habeas corpus.

11   Here, Petitioner submitted his first habeas corpus petition
12 on June 8, 2009, months prior to the expiration of the AEDPA
13 STATUTE OF LIMITATION. (Response at 3, Lines 15-18.) However,
14 the Magistrate Judge did not even address **Williams v. Dexter, 649**
15 **F.Supp.2d 1055, 1061 (C.D. Cal. 2009)**, cited by Petitioner
16 Hernandez, "where the petitioner's two habeas corpus petitions
17 to the state Suprme Court were filed after limitations period for
18 filing federal habeas petition expired, they do not serve to toll
19 or revive limitations period." However, the particular
20 circumstances of Petitioner Hernandez's situation is different
21 than that of **Williams v. Dexter** and **Lawrence v. Florida** since
22 Petitioner did file his first habeas corpus petition months prior
23 to the expiration of the statute of limitations.

24   In any even, this court has the discretion to decide the case
25 on the merits without reaching any procedural default **(here, the**
26 **alleged unreasonable delay of 163 days) issue.** See **Lambrix v.**
27 **Singletary, 520 U.S. 518, 528, 117 S.Ct. 1517, 1523 (1997)** (a
28 district court may address the merits without reaching procedural

-4-

issues where the interests of judicial economy are best served by doing so); **Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002)** ("procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same").

Accordingly, the Court should exercise its discretion to decide the arguments presented in Petitioner's federal habeas petition without reaching the proecdural default (**here, the alleged 163 day delay in filing the first state habeas petition once the conviction became final**) issue.

**Finally,** in **Bonner v. Carey, 425 F.3d 145, amended at 439 F.3d 993 (9th Cir. 2006),** the Ninth Circuit held that when a California State Court denied a petition because the petitioner did not explain his delay in asserting certain claims, it was denying the petition as untimely and thus, under **Pace v. DiGuglielmo, 544 U.S. 408 (2005),** the petition was not "properly filed." This was not the case in the **present case** because the state courts did not mention anything about Petitioner delaying in filing his habeas corpus petition. The present case is different from **Moody v. Dexter, 2009 WL 3633906, *3 (C.D. Cal. 2009),** where the state prisoner's improper filing of applications for collateral relief in state courts did not statutorily toll one-year statute of limitations for filing federal habeas petition under the AEDPA. However, In **Moody** the Superior Court denied the first habeas petition with a citation to In re Clark and a finding that there was "no justification and the filing " of the petition. 2009 WL 2633906, *3. The State Courts did not make such a ruling in this case.

PET.'S OBJECTION TO R & R                -5-

### 2. The Magistrate Miscontrues Petitioner's Claim That He Could Not Discover The Factual Predicate Of His Ineffective Assistance Of counsel Claim

The AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through exercise of due diligence." **Hasan v. Galaza, 254 F.3d 1150, 1155 (9th Cir. 2001)**

In the California Court of Appeal (see Exhibit 1 attached hereto) and in the California Supreme Court (see Response at 3-4), Petitioner informed the state courts that he couldn't establish the factual predicate of his ineffective assistance of counsel claim. This was due to his trial attorney's failure to turn over police reprots and transcribed transcript interviews in which the jury never considered. In support of Petiitoner's position, he heavily relied on **Hasan v. Galaza, 254 F.3d 1150, 1154, where** the Ninth Circuit held that, although petitioner was aware at trial of some facts that indicated that his attorney's performance may have been deficient to some extent, he did not discover the factual predicate of a claim of ineffective assistance of counsel until he became aware of facts that allowed him to assert in objective good faith that he was prejudice by counsel's deficient performance.

The Magistrate relies heavily on the San Bernardino County Superior Court's reasoning that Petitioner provides no factual support that counsel at trial was ineffective in failing to call witnesses, that petitioner merely rehashes the evidence presented at trial, and provides no factual support with respect to ineffective assistance of counsel and his arguments with respect

PET.'S OBJECTIONS TO R & R     -6-

1  to accomplice testimony that was rejected at the appellate
2  level. (Report and Recommendations (R & R at p. 10.)

3  **First**, Petitioner is not rehashing the evidence at his trial,
4  rather that trial counsel Mr. Gass made a strategic choice to
5  present a self defense argument, but nonetheless failed in his
6  duty to present that defense reasonably and competently. See
7  **Alcala v. Woodford, 334 F.3d 862, 871 (9th Cir. 2003)** (counsel
8  made sound strategic choice to present alibi defense, but none-
9  theless failed in his duty to present that defense reasonably and
10 compently).

11 Second, on or around August 2008, Petitioner submitted a
12 request to be provided with police reprots and any and all other
13 documents pertinent to his case since his trial counsel failed to
14 provide him with such documentation. However, the Superior Court
15 denied this request on October 30, 2008. (See Exhibit "C" attached
16 to Petitioner's Memorandum in support of his federal application.)
17 On or around December 16, 2008, Mr. Gass released Petitioner's
18 file to his mother. She then forwarded the file to him. That
19 was when Petitioner discovered that counsel failed to present his
20 self defense argument reasonably and competently. **Alcala, 334**
21 **F.3d at 871.** The jury in the present case never had the
22 opportunity to view the police reports of Sarah Gibbons, Robin
23 and Alvin Camidge, and Jennifer Michelle Mahony. (Pet. Memo.
24 at 16-18 & 22-23.)

25 Third, the jury in the present case never had the
26 opportunity to view the very first TRANSCRIBED TAPED INTERVIEW
27 of **Brittany Powell** where she made it clear that she did not see
28 Petitioner Hernandez shoot Jerry. (Pet. Memo. at 18-19.)

PET.'S OBJECTIONS TO R & R            -7-

This is a very crucial statement provided by Ms. Powell which supports Petitioner's self defense **argument** and that Ms. Powell lied when she testified when she said that **petitioner** had looked Jerald Svec right in the eye and shot him again. (1 RT 258.) Petitioner was not aware that this transcribed taped interview (see Exhibit "P", Lines 14-16 attached to Petition Memorandum) even existed. Moreover, in the transcribed taped interview, Petitioner discovered that Powell handed a "Mag Light" to Sneaky right before Dillon pulled out his gun. Had trial counsel Mr. Gass presented such crucial impeachment information against Powell, the trial court would have granted Petitioner's requested accomplice jury instruction. (Pet. Memo. at 19-20 & 26-27.) Without this evidence, Petitioner could not establish the factual predicate of his ineffective assistance of counsel claim.

Fourth, although Petitioner was aware of Robert Rubalcava's testimony establishing that Ms. Powell was an accomplice, however, it would be unfair to fault Petitioner for Mr. Gass's failure to present a self defense argument reasonably and competently. (Pet. Memo. at 23.) In any event, Petitioner did obtain a declaration from Robert Rubalcava (aka "Snesky") on June 30, 2009, in which he stated that Ms. Powell handed him a "Mag Light" before Dillon pulled out his gun. He also informed Mr. Gass that he was willing to testify as a witness to the events of July 9, 2004. (Pet. Memo. at 23-25.)

Fifth, Petitioner had shown good cause for the alleged substantial delay in the state courts. It is quite clear that a claim or subclaim that is substantially delayed will nevertheless be considered on the merits if petitioner can demonstrate "good

cause" for the delay. **In re Robbins, 18 Cal.4th 770 (1998); see also In re Gallegos, 18 Cal.4th 825, 830-853 (1998).**

The Supreme Court suggested one example of good cause for delay. See **In re Clark, 5 Cal.4th 750.** The court explained that known claims "must be presented promptly unless facts known to counsel suggest the existence of other potentially meritorious claims which cannot cannot be stated without additional investigation." **(Id. at p. 784, italics added.)** In other words, if, for example, a petitioner who has investigated and "perfected" --i.e., completed written factual and legal arguments regarding-- three claims (A, B and C) but he or she is continuing to conduct a bona fide "ongoing investigation" into another potential claim (D), the petitioner's "delayed" presentation of the former claims in a joint petition containing all four claims may be justified by "good cause"--the avoidance of piecemeal presentation of claims. **(Id. at pp. 767-770, 777; see also Gallegos, supra, 18 Cal.4th at p. 838 and fn. 13.)**

The Supreme Court also stated in **In re Clark, supra, 5 Cal. 4th 750,** "If the petition is delayed because the petitioner is unable to state a prima facie case for relief on all the basis believed to exist, the delay in seeking habeas relief may be justified when the petition is ultimately filed if the petitioner can demonstrate that (1) he had good reasons to believe other meritorious claims existed, and (2) the existence of facts supporting those claims could not with due diligence have been confirmed at an earler time." **(Id. at p. 781.)** In a footnote to that statement, the Supreme Court made it clear that the basis for "good cause" exists only if the petitioner in fact

PET.'S OBJECTIONS TO R & R           -9-

"delays in filing of the petiton in order to investigate potential claims..." (Id. at p. 781, fn. 17, italics added.) Thus, Clark indicates that good cause for delayed presentation of claims can be established only if, during the delay, the petitioner was conducting an ongoing, bona fide investigation of other claim or claims.

Petitioner asserts that he was conducting an ongoing, bona fide investigation as to his ineffective assistance of counsel claim. (Pet. Memo. at 16-27.) Petitioner asserts, as soon as he obtained all the police reports, transcribed taped transcript interviews, and a copy of a "gunshot residue (GSR) report" from trial counsel, he immediately began preparing his state habeas corpus petition and filed it thereafter in the San Bernardino County Superior Court.

By Petitioner providing the state courts with the above-mentioned documents attached to the Petition Memoranudm submitted in the state courts, he was following the procedural requirements in habeas corpus matters set forth in People v. Duvall, 9 Cal. 4th 464, 37 CR.2d 259 (1995). Duvall requires that a Petition for Writ of Habeas Corpus state "fully and with particularly the facts on which relief is sought." The petition must include "copies of reasonable available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." 9 Cal.4th at 474.

Finally, since Petitioner's delay of 163 in filing his first habeas petition in the Superior Court was due to his efforts in obtaining copies of police reports, transcribed tape transcripts, interviews, and a GSR report, he has shown good cause for the

PET.'S OBJECTIONS TO R & R -10-

delay

## CONCLUSION

Based on the foregoing, this Court should sustain these objections, reject the Magistrate's Recommendations, and Petitioner's federal habeas petition should be reviewed on the merits by the district court.

Dated" September 29, 2010

                                    Respectfully submitted,

                                    */s/ Ralphael Hernandez*

                                    RALPHAEL HERNANDEZ

                                    Petitioner In Pro Per

# EXHIBIT "1"

DESCRIPTON OF EXHIBIT:     SUPPLEMENTAL BRIEFING FOLLOWING
                           AN ORDER OF THE SUPERIOR COURT
                           DENYING PETITIONER'S HABEAS
                           CORPUS PETITION

```
                              RALPHAEL HERNANDEZ #F-77510
                              CALIPATRIA STATE PRISON
                              P.O. BOX 5002
                              CALIPATRIA, CA. 92233
```

August 1, 2009

To The Honorable Presiding Justice
And Associate Justices
Fourth District Court Of Appeal
3389 Twelfth Street
Riverside, CA. 92501

Re:     In re Hernandez
        Super. Ct. No. WHCSS 0900234
        SUPPLEMENTAL BRIEFING FOLLOWING AN ORDER OF
        THE SUPERIOR COURT DENYING PETITIONER'S
        PETITION FOR WRIT OF HABEAS CORPUS

Dear Justices:

On July 6, 2009, the Honorable Brian S. McCarville, denied Petitioner's Petition for Writ of Habeas Corpus. A true and correct copy of that Order is attached hereto as Exhibit "A".

The Superior Court Judge in habeas, failed to conduct its own review of Ms Powell's testimony along with the newly presented police reports and declaration of Mr. Rubalcava, and said tersely, "Petitioner merely rehashes the evidence presented at trial and provides the court with portions of the underlying investigation."

However, the reports and declaration were not available at the time of Petitioner's trial, which clearly support his ineffective assistance of counsel claim and other issues raised in the attached petition. Thus, the Superior Court Judge's decision in denying Petitioner's petition is completely flawed.

The present case is similar to that of Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001). In Hasan v. Galaza, the Ninth Circuit held that, although petitioner was aware at trial of some facts that indicated that his attorney's performance may have been deficient to some extent, he did not discover the factual predicate of a claim of ineffective assistance of counsel until he became aware of facts that allowed him to assert in objective good faith that he was prejudiced by counsel's deficient performance.

These facts that Petitioner recently became aware of are the police reports and declaration that are attached as Exhibits to the Petition for Writ of Habeas Corpus. These facts if proven, would entitle Petitioner to relief.

For the reasons set forth above and in the Petition and memorandum of points and authorities, Petitioner respectfully request that this Court grant him habeas relief.

                                    Respectfully submitted,

                                    [signature]
                                    RALPHAEL HERNANDEZ

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

(C.C.P. SEC. 446 & 2015.5: 28 U.S.C. 1746)

I, **RALPHAEL HERNANDEZ** DECLARE UNDER PENALY OF PERJURY THAT: I AM THE **PETITIONER** IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 29 DAY OF **SEPTEMBER**, 2010 AT CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002

(SIGNATURE) _Ralphael Hernandez_
DECLARANT/PRISONER

# PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013 (a) & 2015.5 28 U.S.C. 1746)

I, **RALPHAEL HERNANDEZ** AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON **SEPTEMBER** 29, **2010** IS SERVED THE FOREGOING:

**OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**

SET FORTH EXACT TITLE OF DOCUMENTS SERVED

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

DEPARTMENT OF JUSTICE

110 WEST A STREET, STE. 1100
P.O. BOX 85266
SAN DIEGO, CA. 92186-5266

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE **SEPTEMBER** 29, **2010** , _Ralphael Hernandez_
(DECLARANT / PRISONER)