UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPHAEL HERNANDEZ, | ) NO. EDCV 10-01117 DOC (SS) <br> ) |
|         Petitioner, | ) **ORDER DENYING PETITIONER'S** <br> ) |
|     v. | ) **OBJECTIONS** <br> ) |
| LELAND MCEWEN, Warden, | ) <br> ) |
|         Respondent. | ) <br> ) |

    The Court has considered Petitioner's Objections and conducted a <u>de novo</u> review of those portions of the Report and Recommendation to which the Objections were directed. The Objections do not cause the Court to alter its previous decision to adopt the Report and Recommendation.

    In his Objections, Petitioner contends that he is entitled to statutory tolling because he has good cause for waiting 163 days from the date his conviction became final (December 30, 2008) before filing his first state habeas petition in the San Bernardino County Superior Court on June 11, 2009. (<u>See</u> Objections at 10). Specifically,

"Petitioner asserts that he was conducting an ongoing, bona fide investigation as to his ineffective assistance of counsel claim." (Id.). Petitioner further asserts that "as soon as he obtained all the police reports, transcribed taped transcript interviews, and a copy of a 'gunshot residue (GSR) report' from trial counsel, he immediately began preparing his state habeas corpus petition and filed it thereafter in the San Bernardino County Superior Court." (Id.).

Petitioner concedes, however, that his trial counsel released Petitioner's file to Petitioner's mother on December 16, 2008 and that his mother forwarded the file to him shortly thereafter. (See Objections at 7) ("On or around December 16, 2008, Mr. Gass released Petitioner's file to his mother. She then forwarded the file to him."). Thus, Petitioner's "investigation" into his ineffective assistance claim was complete at some point shortly after December 16, 2008, when he received the file from his mother. Because Petitioner obtained his case file at some point shortly after December 16, 2008, he has not demonstrated good cause for waiting to file his first state habeas petition until June 11, 2009.

Petitioner further argues that the AEDPA limitations period should be calculated from the date that he discovered the factual predicate of his claims instead of the date on which his conviction became final. (See Objections at 6). As set forth above, however, Petitioner discovered the factual predicate of his claims at some point shortly after December 16, 2008, when he received the case file from his mother. Because Petitioner's conviction did not become final until December 30,

2008, and Petitioner knew the factual predicate of his claims before this date, the AEDPA limitations period runs from the date Petitioner's conviction became final.  See 28 U.S.C. § 2244(d)(1) (stating that the AEDPA limitations period runs from the latest of the applicable dates).

Accordingly, the Order Adopting Findings, Conclusions, and Recommendations of United States Magistrate Judge and the Judgment, both of which were entered on September 29, 2010, remain the Court's final decision regarding the Petition.

The Clerk of the Court is directed to serve a copy of this Order on Petitioner and counsel for Respondent.

IT IS SO ORDERED.

DATED: November 16, 2010.

                                                _____
                                                DAVID O. CARTER
                                                UNITED STATES DISTRICT JUDGE